UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RACHEL HENDRICK,          )<br>                                                   )<br>            *Plaintiff*          )<br>                                                   )<br>v.                                              )<br>                                                   )<br>ALMAR, INC., d/b/a CODY'S    )<br>ORIGINAL ROADHOUSE,      )<br>                                                   )<br>            *Defendant*         ) | Civil No. 09-139-P-S |

### *RECOMMENDED DECISION ON MOTION TO DISMISS*

The defendant, Almar, Inc., moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), contending that the plaintiff did not file a charge of discrimination against it with the Maine Human Rights Commission, a prerequisite it alleges is necessary to this employment discrimination case. Motion to Dismiss ("Motion") (Docket No. 5). I recommend that the court deny the motion.

### I. Applicable Legal Standard

When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). The movant may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el*

1

*Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

The plaintiff contends, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition") (Docket No. 8) at 2, that Rule 12(b)(6) is the appropriate standard to apply because Almar's sole argument is that the plaintiff failed to exhaust her administrative remedies, specifically, that she did not name Almar as a responding party in her charge filed with the Maine Human Rights Commission. The First Circuit, however, has analyzed claims of failure to exhaust administrative remedies under Rule 12(b)(1), *see Gonzalez v. United States*, 284 F.3d 281, 286-88 (1st Cir. 2002), and two of the three cases cited by the plaintiff, *O'Rourke v. City of Providence*, 235 F.3d 713, 725 n.3 (1st Cir. 2001), and *Ripton v. Camp Dresser & McKee, Inc.*, 2007 WL 2343652 (D. Me. July 31, 2007), do not hold that Rule 12(b)(6) alone may be applied to such claims.[1] Therefore, I will follow the lead of the First Circuit in its more recent decision, *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005), and use the Rule 12(b)(1) standard.

## II. Factual and Procedural Background

The first amended complaint, like the original complaint that initiated this action, includes three counts, alleging sexual harassment, retaliation, and sex discrimination against the plaintiff's employer. First Amended Complaint (Docket No. 9) ¶¶ 17-28; Complaint (Docket No. 1) ¶¶ 17-28. Cor Enterprises, Inc., named as a defendant in the initial complaint, was dismissed by stipulation. Docket No. 4. After this motion to dismiss was filed, the plaintiff filed her First Amended Complaint, naming Almar and Farmhouse Inc. as defendants.

---

[1] The exception is *Maldonado-Cordero v. AT&T*, 73 F.Supp.2d 177, 185 (D.P.R. 1999), which predates the First Circuit opinions on which I rely and is not binding precedent in the district of Maine in any event.

### III. Discussion

Almar cites authority to the effect that "the general rule is that a person or party not named in an EEOC charge is not subject to suit." Motion at 2, citing *González Figueroa v. J.C. Penney Puerto Rico, Inc.*, 247 F.R.D. 274, 278 (D. P. R. 2007), *rev'd on other grounds*, 568 F.3d 313 (1st Cir. 2009). The opinion in *Figueroa* applies to claims brought under the Age Discrimination in Employment Act, *id.*, which is not implicated here. Even if its holding were applied to this claim, that holding would be inapposite.[2]

In another case quoted by Almar,[3] the Seventh Circuit said, in relevant part:

> The requirement that a party be named in the EEOC charge is not jurisdictional, and it is subject to defenses such as waiver and estoppel. The purpose of requiring the complaint to match the EEOC charge is to give the employer some warning of the conduct about which the employee is aggrieved and afford the EEOC and the employer an opportunity to attempt conciliation without resort to the courts. Therefore, we have recognized an exception to the rule where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (citations and internal punctuation omitted).

In this case, Almar does not dispute that, at the time that the plaintiff filed her charge with the Maine Human Rights Commission ("MHRC") and the federal Equal Employment Opportunity Commission ("EEOC") against Cody's Original Roadhouse, Exh. A to Motion, she believed that entity to be her employer. Nor does it deny that, when asked by the MHRC in a

---

[2] Almar apparently contends that the same result prevails on the plaintiff's claims under the Maine Human Rights Act, but the very case law and statute it cites for that proposition, Motion at 2-3, establishes only that the Maine Human Rights Act provides that, when a claim is brought in a court action that has not first been filed with the Maine Human Rights Commission, attorney fees and certain damages are not available. 5 M.R.S.A. § 4622; *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20-21 (1st Cir. 2001) (construing section 4622). Thus, this argument would not support dismissal of the state-law claims against Almar in any event.

[3] Counsel is reminded to provide the court with pinpoint citations when quoting from cited cases.

3

written document request for the "Legal corporate name" of the plaintiff's employer, that entity responded, " Almar, Inc.  DBA Cody's Original Roadhouse."  Exh. 2 to Affidavit of Allan K. Townsend (Attachment 1 to Opposition).  That response is included in a set of responses that is signed "Robert W. Kline, Attorney for Employer Cody's Original Roadhouse."  *Id.*

Almar now apparently takes the position that The Farmhouse, Inc. was the plaintiff's corporate employer at the relevant time.  Opposition at 5-6.  If does not suggest, however, that the plaintiff, her counsel, or the MHRC should have known that the entity that represented itself to them during the MHRC proceeding as the plaintiff's employer in fact was not her employer, or should have investigated the matter further.

A member of the Maine bar represented to the MHRC that Almar was the plaintiff's employer.  Almar cannot now argue that, under the circumstances, the plaintiff's employer, whatever corporate incarnation in fact served that purpose, was not apprised of the conduct of which the plaintiff complained or afforded an opportunity to attempt conciliation of that complaint without resort to the courts.  From all that appears, the plaintiff's employer, whichever corporate entity actually did business as Cody's Original Roadhouse in Rockport, Maine, was provided with adequate notice of the charge and participated in conciliation proceedings before the MHRC.  *See Marks v. Prattco, Inc.*, 607 F.2d 1153, 1157 (5th Cir. 1979) (fact that defendant actually participated in EEOC proceedings vitiates argument that plaintiff's failure to name correct party in EEOC complaint requires dismissal of court proceeding).

*Tamayo* is distinguishable.  In that case, the plaintiff named an entity other than her employer in her charge of discrimination, at her actual employer's advice and with its knowledge.  526 F.3d at 1079, 1089.  This, the Seventh Circuit said, was notice to the actual employer that the plaintiff was *not* complaining against it.

4

Here, the plaintiff's actual employer seeks to benefit from what it now asserts was a misrepresentation to the plaintiff and the MHRC about its identity. No showing has been made that the plaintiff had reason to know her employer's actual identity. Particularly since it apparently participated in proceedings before the MHRC under color of this misrepresentation, the plaintiff's employer may not now insulate itself from suit by disavowing its own representation. To countenance such obfuscation by insulating Almar from suit (and, possibly, the actual corporate employer as well, since it was apparently not identified before the MHRC) would be to promote an injustice. Under these circumstances, estoppel should bar Almar's assertion that this action against it should be dismissed.

Almar goes on to contend that the "identity of interest" exception to the "general rule," that a party not named in the employee's initial charge to the EEOC cannot thereafter be sued on the same charge, does not apply here. It argues that this is so because the plaintiff was represented by counsel before the MHRC, and the exception is only available to parties who were not represented by counsel before the relevant government agency. Motion at 4. The plaintiff does invoke the exception, but does not respond to Almar's argument. Opposition at 4-6.

Given my previous conclusion, I need not reach this argument, which Almar supports with an accurate citation to *Bernstein v. Seeman*, 593 F.Supp.2d 630, 634 (S.D.N.Y. 2009). I note, however, that the plaintiff also accurately cites authority in support of her argument that a charge of discrimination that identifies an employer by its trade name (here, "Cody's Original Roadhouse") satisfies the administrative pleading requirement, Opposition at 4-5. This argument provides an alternate basis for denying Almar's motion. *See, e.g., Scales v. Sonic Indus., Inc.*, 887 F. Supp. 1435, 1437-38 (E.D. Okl. 1995) (where identity of interest exception not


applicable, informal reference in agency charge to employer's trade name sufficient); see generally *Ripton*, 2007 WL 2343652 at *2.

## IV. Conclusion

For the foregoing reasons, I recommend that Almar's motion to dismiss (Docket No. 5) be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of July, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge