UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RACHEL HENDRICK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-139-P-S |
| | ) | |
| ALMAR INC., d/b/a CODY'S | ) | |
| ORIGINAL ROADHOUSE, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Defendant The Farmhouse, Inc., seeks dismissal of all claims asserted against it in this action on the ground that the plaintiff did not name it in her complaint filed with the Maine Human Rights Commission, a prerequisite it alleges is necessary to this employment discrimination case. Defendant The Farmhouse, Inc.'s Motion to Dismiss ("Motion") (Docket No. 16) at 1.[1] This defendant was added to the action by the first amended complaint (Docket No. 9) which was served on it on June 24, 2009. Docket No. 11. I recommend that the court deny the motion.

This motion is virtually identical to one filed on behalf of the only other defendant in this action, Almar, Inc., by the same lawyer who represents The Farmhouse, Inc. *See* Docket No. 5. This motion should be dismissed for the same reasons discussed in my recommended decision on

---

[1] The Farmhouse apparently contends that the same result prevails on both the plaintiff's federal claims and on her state-law claims, but the very case law and statute it cites for that proposition with respect to the state-law claims, Motion at 2-3, establishes only that the Maine Human Rights Act provides that, when a claim is brought in a court action that has not first been filed with the Maine Human Rights Commission, attorney fees and certain damages are not available. 5 M.R.S.A. § 4622; *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20-21 (1st Cir. 2001) (construing section 4622). Thus, this argument would not support dismissal of the state-law claims against The Farmhouse in any event.

1

that motion, Recommended Decision on Motion to Dismiss ("Recommended Decision") (Docket No. 17), which has been adopted by the court. Docket No. 19.

Briefly put, the plaintiff filed a charge with the Maine Human Rights Commission ("MHRC") and the federal Equal Employment Opportunity Commission against Cody's Original Roadhouse, at a time when she believed that entity to be her employer. Recommended Decision at 3. When asked by the MHRC in a written document request for the "Legal corporate name" of the plaintiff's employer, that entity responded, "Almar, Inc. DBA Cody's Original Roadhouse." *Id*. at 3-4. That response was included in a set of responses that was signed "Robert W. Kline, Attorney for Employer Cody's Original Roadhouse." *Id*. at 4. Attorney Kline filed the instant motion on behalf of The Farmhouse two days before the issuance of the recommended decision. Motion at 4.

The motion does not suggest that the plaintiff, her counsel, or the MHRC should have known that the entity that represented itself during the MHRC proceeding as the plaintiff's employer was in fact not her employer, that her employer was The Farmhouse as the defendants apparently now contend, or that the matter should have been investigated further. A member of the Maine bar represented to the MHRC that Almar, Inc., was the plaintiff's employer. The Farmhouse cannot take advantage of what it must concede was a misrepresentation to insulate itself from potential liability as the plaintiff's employer. From all that appears, the plaintiff's employer, whichever corporate entity actually did business as Cody's Original Roadhouse in Rockport, Maine, was provided with adequate notice of the charge and participated in conciliation proceedings before the MHRC. *See Marks v. Prattco, Inc.*, 607 F.2d 1153, 1157 (5th Cir. 1979) (fact that defendant actually participated in EEOC proceedings vitiates argument

that plaintiff's failure to name correct party in EEOC complaint requires dismissal of court proceeding).

In addition, a charge of discrimination that identifies an employer by its trade name (here, "Cody's Original Roadhouse") satisfies the administrative pleading requirement. *See, e.g., Scales v. Sonic Indus., Inc.*, 887 F. Supp. 1435, 1437-38 (E.D. Okl. 1995); *Ripton v. Camp Dresser & McKee, Inc.*, 2007 WL 2342652 (D. Me. July 31, 2007), at *2.

For these reasons, as well as the remaining reasons discussed in my earlier recommended decision, I recommend that the motion to dismiss be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge